**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD CALANCHE RODARTE,<br><br>                Petitioner,<br><br>      v.<br><br>M. FRINK, Warden,<br><br>                Respondent. | Case No. CV 14-9605-PA (JPR)<br><br>ORDER ACCEPTING FINDINGS AND<br>RECOMMENDATIONS OF U.S.<br>MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of the previously assigned U.S. Magistrate Judge. See 28 U.S.C. § 636. On November 12, 2015, Petitioner filed objections to the R&R, in which he mostly repeats arguments from the Opposition to Respondent's motion to dismiss.

    Petitioner argues for the first time that he is entitled to a later trigger date because he was not aware of the factual basis of his claims until December 5, 2014, when the Petition was constructively filed. (Objections at 2); see § 2244(d)(1)(D). But he fails to explain how the alleged suggestive identification procedures and two exonerating witnesses could not have been

1  discovered before his judgment became final.  See Ford v.
2  Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (limitation period
3  under § 2244(d)(1)(D) begins when factual predicate of claim
4  could have been discovered through exercise of due diligence, not
5  when it actually was discovered).  Thus, he is not entitled to a
6  later trigger date.

7      Petitioner objects to the Magistrate Judge's finding that he
8  is not entitled to equitable tolling based on his appellate
9  counsel's actions, asserting that appellate counsel abandoned
10 him.  (Objections at 3, 5; see also Opp'n at 1-2.)  Although
11 attorney abandonment may constitute an extraordinary circumstance
12 warranting equitable tolling, see Maples v. Thomas, 132 S. Ct.
13 912, 922-23 & n.7 (2012), Petitioner was not abandoned by
14 appellate counsel: on October 23, 2012, she sent Petitioner a
15 letter, stating that she had told him about the court of appeal's
16 decision in February 2010 (see Opp'n, Ex. I).  Petitioner does
17 not claim that she lied or was mistaken.

18      Petitioner asserts that the Magistrate Judge ignored his
19 allegations regarding the police's suggestive identification
20 procedures and his trial counsel's failure to subpoena witnesses
21 who would have provided exculpatory testimony.  (Objections at
22 9.)  But those allegations go to the merits of his claims, not
23 their timeliness.  To the extent Petitioner argues that he
24 qualifies for the actual-innocence exception to AEDPA's time bar
25 because the testimony of the alleged witnesses would have proven
26 his actual innocence, as the Magistrate Judge found (R&R at 18-
27 21), he has not shown that the evidence was "new" or that it is
28 more likely than not that no reasonable juror would have

convicted him in light of that evidence.

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT IS ORDERED that Respondent's motion to dismiss is granted, the Petition is denied as untimely, and Judgment be entered dismissing this action with prejudice.

The Court notes that along with his objections, Petitioner filed a notice of appeal. Because judgment had not yet been entered, his appeal was premature and ineffective. See <u>Burnside v. Jacquez</u>, 731 F.3d 874, 875 (9th Cir. 2013) ("A notice of appeal from a magistrate judge's report and recommendation is ineffective."). Should Petitioner desire to appeal from entry of Judgment, he must file another notice of appeal.

DATED: December 3, 2015

PERCY ANDERSON
U.S. DISTRICT JUDGE